The next case today, number 201514 and 201735, Jose M. Rojas-Tapia v. United States. Will counsel for appellant please come up and introduce yourself on the record? May it please the court, my name is Robert Fitzgerald, I represent Jose Rojas-Tapia. I'd like to reserve two minutes for rebuttal. You may. This court should vacate Mr. Rojas-Tapia's 924C convictions because his substantive offenses, offenses under 2114A are not crimes of violence. There are two ways to reach this conclusion. First, the least culpable conduct that satisfies the aggravated version of 2114A does not require the use, attempted use, or threatened use of force. And second, the 2114A convictions in this case were secured on an aiding and abetting theory, which also fails to satisfy 924C's force clause. Can I just, on that issue, what is your response to the intent that that's not within the COA since it wasn't in any of the filings in support of the request for the COA? Your Honor, I would note that the convictions here were premised on an aiding and abetting theory that would put it squarely before this court and the arguments that counsel had. Well, let me just, it's definitely true that it wasn't aiding and abetting theory, but there was an independent assessment of whether this was a crime of violence, which is just the standard application of the categorical approach independent of the aiding and abetting theory, correct? Yes, Your Honor. And that was the contention in the filing for the COA, and as I read the order granting the COA, that was the issue that was taken. Now, to raise separately the contention about the aiding and abetting, do we have any authority that would allow us to read the COA to have that part of the case, even though that wasn't the ground on which the COA was sought? If the court concludes that it was not fairly contained in the COA, I would ask the court to consider the briefing on that to be a motion to expand the COA. The government has had the opportunity to reply and has replied, and I would submit that it's fairly before the court.  Thank you. Turning to the first issue with respect to whether 2114A is a crime of violence, the parties agree that the statute is divisible into two forms of the offense, the simple and the aggravated. The question for this court is whether the aggravated form of the offense is itself divisible. I contend that it's not for three reasons. As directed by Mathis, we start with the face of the statute. The face of the statute, based on its punishment, the punctuation, and the purpose, all indicate that this is an indivisible, illustrated example of means. We start with the punishment. Usually we say it's a means of an element. What is the element of which it is a means? The element here, Your Honor, is that of aggravated conduct. That's the offense. Because your first proposition is that it's divisible into two offenses, simple mail robbery, which is one offense, aggravated mail robbery, which is the second offense. Then there are elements of aggravated robbery. You're now saying that the means are the means of the offense, not means of any element of the offense. Your Honor, to be clear, the element is enhanced culpability, an enhanced culpability element to which there are factual scenarios in which they can reach. Each of those elements of the offense of aggravated robbery may have been themselves separate elements. But I just don't know of a case in which we've treated an offense to have means where the means are not part of one of the elements of the offense. And Mathis itself describes it in those terms. I understood. And Mathis directs us to look to the face of the statute as our first step. And I think we will see some clues there. But one thing I would push back on, Your Honor, is that there are more than just one element here for the aggravated offense because it requires – There's no means that these three things could be – there's no single element of which these three things that I've seen you identify as the element of which there is the means. For example, a dangerous weapon such as blah, blah, blah, blah, blah. Those are means of having a dangerous weapon. The dangerous weapon is not the offense. It's an element of the offense. And if I just track that same logic, I'm just having trouble finding the offense of which these things would be the means – the elements of which these would be the means. I concede, Your Honor, that there does not seem to be a very clean umbrella term to encompass this. But Mathis doesn't direct the need for an umbrella term. Rather, it asks the court to take a look at the face of the statute. If we look there – So then if I just did that and I start with there's that one thing that seems to make it a little different from the typical statistical means type thing that Mathis is talking about, then the second thing that seems to speak to us is that we have or, or, or. Not a list with Oxford comma or. We have or, or, or. So what's the significance of that? Am I wrong about that? No, you're correct, Your Honor. But what we are seeing there is the use of a comma to set off those different modalities. When Congress intended to set off different offenses in this statute, it used a semicolon. The lack of that same type of punctuation throughout would support the idea that these are means rather than elements. Moreover, each of those modalities carries the same punishment. And the telltale sign of divisibility would be different punishments for different crimes. We don't have that here. Moreover, when we take a look at how commas were used in the simple version of the statute, you'll note that several things that are very clearly means are set off in a similar way. But they say, for example, it seems to me, charge, control, or custody would be sort of means. And those don't have separate ors. They just say charge comma, control comma, or custody. And that seems like the classic means. We don't unanimously have to agree whether you have control of the money or custody of the money. But that's a different construction from what we have at the bottom where we say or, or, or. Your Honor, I do note that there is an or that is in the aggravated form. But I would submit that this is a statute of considerable age and that it has gone through various constructions over time. Just to be clear, your position, just picking up on the statement's observation, if we adopted your position, it would mean a jury could convict with some of the jurors, including that there was recidivism in some of the jurors, including there was wounding in some of the jurors, including that there was placing life in jeopardy? Correct, your Honor. That's peculiar, isn't it? I mean, it doesn't seem the most – I mean, lenity can take you so far, but it's weird when lenity takes you to the position that you could have that result. That you wouldn't have to have specific – you would have to have jury unanimity with respect to that single element, but there could be factual means. Does that certain element even need to go to the jury? As I understand it, the recidivism piece, the fact of the prior conviction doesn't – could be decided by the judge. Your Honor, as laid out in this statute, that would be an element that wouldn't – I'm sorry. That would be a means of factual finding that the jury would need to make. Why is it different than any other recidivist thing where we say, well, that's the one thing that a judge can find? Given the structure of the statute where it's included with those three elements, I would say we're not in a recidivist portion of the statute that is a more modern construct. This is a statute that dates back to the 1700s where it has always had that triad. This is a little bit – I mean, there's a certain difficulty in the argument. To the extent that they are different elements, I think there's a pretty strong case it's not a sentencing effect and that it would have to be proved to the jury just like felon in possession has to be proved to the jury. To the extent that it's means, it seems a little less clear that it has to go to the jury at all. If the government's relying on it, that would be something that they would need to put in front of the jury. I would – Mathis notes that if the face of the statute is not clear, the court is permitted to take a quick peek at the record documents. In this case, I'll concede that only one modality appears, but if the court would be willing to take a look at another case on today's dock, the Forteza-Garcia case, and look at the appendix there, it would see that in the indictment, two modalities are included, both wounded and put the life in jeopardy. That the third element – I'm sorry, that the third means is not there is unsurprising given that the prosecuting authority that's before this court is contending it doesn't need to put that before a jury. But what that suggests is that the government not list – I'm sorry. Even if we did that and we do have that case on the calendar today, what is your answer to the question of what element, assuming those are means, what is the element they depended from or they made up for? An element of enhanced culpability. Congress identified particular triad of modalities all the way back in the late 1700s, at which point they affixed the – So enhanced culpability is an element of aggravated mail robbery? Correct, Your Honor. Yes. So the idea is the – I guess it's just an odd – I'm trying to figure out what that element is. It seems like aggravated mail robbery is mail robbery. With an additional single element of aggravated conduct or enhanced conduct that can be proven by three – If that were right, the normal way you would think it would be read is mail robbery plus an aggravating element, such an aggravating element with aggravation, including blah, blah, blah. It's just not written that way. Understood, Your Honor. On aiding and abetting, if you were to expand the COA or reduce the COA, are you going to do the – just address the aiding and abetting issue? Under the United States Supreme Court's 2022 Taylor decision, it puts the focus on and asks the question, did the defendant himself or herself actually – by conviction, does that show that the defendant himself or herself actually used violence? Here's what seems to me a little bit difficult. Taylor definitely says what you say it says. Taylor also didn't have any reason to address the issue that's presented here because there was no completed offense at all. Here there was a completed offense. The completed offense, in fact, does have an element of use of force for aggravated if we treat this divisible in that we're – to me it seems the key question is in that reference to use of force, is it referring to the defendant's use of force? In the 924C context, absolutely. Well, when you say absolutely, I guess it would have been helpful if Congress had put in some words that made it absolutely clear, but they don't. It just says that the offense has to have as an element the use of force. So what is the logic by which we would conclude that that must be referring to a use of force by the defendant? And I take Taylor seems to say as much, but it says it in the context where it didn't really have to confront that question because there was no completed crime at all. And just to give you a sense of going the other direction, in Roseman, as I read Roseman, in upholding or in addressing the aiding and abetting of 924C in Roseman, the defendant contended that the predicate offense of drug trafficking could be committed simply by active participation in it without having actually done it. In other words, by aiding and abetting the predicate crime. And the government says the problem there had to do with the instruction as to aiding and abetting as to the use of the weapon, while seeming to take as just fine that the predicate was accomplished only by evidence of aiding and abetting the predicate. And if we use that same logic here, then aiding and abetting this predicate would be fine also. Aiding and abetting to uphold the 2114A conviction. May I finish, Your Honor? Yeah. It's certainly permissible under 18 U.S.C. Section 2. There's no question that Mr. Rojas Tapia would be liable for that on an aiding and abetting theory. But when you have these double-barreled crimes, which is how Roseman talks about a 924C offense, there is something in addition. And in Roseman, they identified a need to have the knowledge. But that was with respect to the use of the firearm. With respect to the predicate offense, which was drug trafficking, the predicate could be accomplished even though the defendant didn't do the drug trafficking, merely aiding and abetting it. If we use that same logic here, wouldn't we say the defendant's predicate offense, 2114, wasn't accomplished by a use of force by the defendant, but it was accomplished by his active participation in that 2114 offense? A defendant, right, a defendant could be found to have my, I'm sorry, I lost my train of thought there. My point here was simply that the theory of liability to hold a defendant liable for the substantive offense just doesn't carry over and bring into the purview the requirement. You're asking a different question, and the way you read that question is did the defendant use the force? For the 924C double-barreled portion of the offense, yes, Your Honor. If there are no other questions, I will see you back shortly. Thank you, Counsel. Will Attorney for Appalachia please introduce herself on the record to begin? Good morning, Your Honors. May it please the Court, Josh Handel for the United States. Mr. Rojas Tapia's conviction for aggravated postal robbery qualifies as a crime of violence for four reasons. First, as my friend just said correctly, both parties agree that Section 2114A is a divisible statute that presents both base offenses and aggravated offenses. Second, the aggravated offense is further divisible into three modalities with distinct elements. A, wounding the custodian of federal property. B, placing the custodian's life in jeopardy by the use of a dangerous weapon. And C, a recidivist enhancement for a subsequent 2114A offense. Is that last one an element or not? So, Your Honor, I don't think you have to decide that in this case. I mean, I think that probably the— If it's an element, it's a much stronger argument for you that the first two are elements. Right, so I think that the best way to read the statute is that the third modality, the recidivist enhancement, is an element. I would point out a couple of things there. First, we have the fact that these are all grammatically treated the same way in that part of the statute. I would also point out that although we think Almendarez-Torres matters here because in the mine run case the government would prove that element by admission of a prior conviction, the statute actually only requires a prior offense, or rather says a subsequent offense. So there is conceivably a world where that could be proven based on a prior offense that did not result in a prior conviction. I think in the real world we would never probably prove it up that way, but I think that both of those reasons suggest that the recidivist enhancement is— The structure of the statute— Yes, I think that's— In a way that suggests it's more of an element and therefore has to be proved by the jury beyond reason of doubt. Yes, I think that's right. Just on that point, just to be clear, it's not the government's decision. I don't understand it to be the law that whenever we're talking about proving recidivism, it is automatically treated as a sentencing factor that it would address. No, I don't think that we have staked out— I thought Almendarez just cleared that that's not the case. Otherwise, it's full analysis being overshadowed. Right. So I would point out in Almendarez-Torres, the Supreme Court did say—this is 523 U.S. at 244— that a defendant's recidivism is never an element of an offense where the conduct prescribed is otherwise unlawful. So that goes to the example that I think Your Honor was questioning my friend about with the 922G1 felon in possession prohibition. There we have to prove up the predicate felony conviction because that's the only element that distinguishes lawful conduct from prohibited conduct. This is obviously not that case. And so I don't know that we've staked out a position. Child sex offenses work that way, right, where you commit the child sex offense, and a prior conviction will raise the statutory maximum. And I don't think we think of that as an element. We think of that as a sentencing factor, right? So if this person commits the robbery, the thing that bumps it up to 25 years is the fact of the subsequent offense, right? Does that exist or not? Right, the fact of a prior offense, right. Yes? The difference is that if we take you to be correct, that we've got a statute that defines two separate offenses, simple mail robbery and aggravated mail robbery. Now we're looking at aggravated mail robbery. It then doesn't have the structure of only there is, which is when you commit this, then if you do this, you get a bump up. It just says here's the offense, here's how you commit it, three different ways. And I don't read all that there is to say in that instance it's not an element. It's just a sentencing factor. Right, so I'm in agreement with that. And I believe that the cleanest way to look at this statute. Then you just say fine, okay, because the modality of which he was guilty wasn't the third one. It is divisible because of the ors. And he doesn't make any arguments as between those two, there's a problem. Yes, exactly. Right, so we believe that there are three. If all that's right, then the key issue, as you see it, is the aiding and abetting. Is that right? I have one more question before we go to the aiding and abetting. So the part, I understand the grammatical part, but the part that troubles me is the part where it doesn't make sense that these would be means in the sense that I would not want someone to be convicted by six jurors thinking he wounded him and six jurors thinking he had a prior conviction. How do you think, when you think about this math, this problem, at the end of the day, that seems to be the thing that we should be worried about. But how do you think about that? Is it just a matter of grammar? Or how do you think about the, do these things go together in some way that makes sense? Yeah, so I think that, you know, we liked the way that the Third Circuit talked about this in the decision that we cited in our brief where they talk about, you know, these things need to be species of a single common genus, right? And I think that that's, you know, it's a little bit different language than the Supreme Court has used, but I think it's right on all fours with Mathis where they said that means are just, you know, illustrative examples of a single commonality, right, whereas elements are- That's usually going to be a structural, contextual point. Because Congress gets to pick the genus, we don't. And you could pick a genus broad enough to encompass three things that if you didn't know the genus wouldn't seem to be the same, but it turns out they are the same. So I think that's- So I take it the key thing here is there's no textual reference to anything that is the genus, that there's no element being specified of which these would be mean. So that certainly helps us out. I think that, you know, divisibility analysis is ultimately a matter of statutory interpretation, trying to figure out how Congress conceived of this offense or these offenses, right? And I think that when we look at statutory interpretation, of course, we know we start with the text. We, like, go to the structure if the text is not dispositive. But then statutory interpretation can take account of some commonsensical things. It can take account of, you know, the fact that the alternative reading would essentially create an element that just says don't do bad things, right? Or, like, don't do this crime and then make it worse. And then we're just, like, plopping all of these different things into the make it worse bucket. But here that would be doubly problematic, I think, because that's also what the offense is about. That just is the offense of aggravated mail robbery. Worse than simple mail robbery. So, right. I believe we're in agreement if I'm understanding your point. That was not a trick question. That was I'm following you. Yes, I think that's absolutely correct. And, again, you know, just kind of looking at the grammar and the structure and the text here, the simplest way to look at this is three distinct modalities of aggravated. And then aiding and abetting becomes the key. Yes. And I'm happy to move on to that if there are no further categorical approach questions. So this court has ‑‑ I would start out with precedent here because I know that my friends on the other side have pointed to Taylor and, you know, some recent developments. Are you then not contesting expanding the COA? Are you agreeing that it's within the COA? I'm certainly not conceding that it was within the COA. This is a distinct asserted deficiency here that is ‑‑ Is there any reason not to expand the COA? I mean, you briefed it fully. Your Honor, you know, we don't have a strenuous objection to this court not reaching it in this case. I mean, I do think that we have an institutional interest in making sure that parties front their actual arguments and theories in the COA. So I would preserve that objection, but I'm happy to talk about it. It was actually made below to the district court if this wasn't included in the COA, the aiding and abetting objection to that, right? So I don't recall that it was made to the district court in this case, but I could be wrong about that. Either way, happy to talk about it this morning. So I would start out with what this court has already said about aiding and abetting in the 924C context, which is United States v. Garcia-Ortiz, where you said, the mandate of 18 U.S.C. Section 2 is to make an aider and abetter punishable as a principal and thus no different for purposes of the categorical approach than one who commits the substantive offense. There has been no intervening authority that directly contradicts that. We don't think Taylor is relevant to this question at all, frankly. The language of Taylor, and I understand the holding of Taylor is not contradictory to that, but the language of Taylor by focusing on saying that you have to show what the defendant did is in tension with our assumption which textually could just be wrong. Section 2 in talking about what you are culpable for punishment is a different question than what you did. And if Taylor is instructing us to focus on what the defendant did, then literally the defendant did not do this thing. What's your answer to that? So, Your Honor, the bedrock foundation of the categorical approach is that it goes offense by offense. It is focused on what are the elements that are required for an offense. The element of the offense. The offense is the offense committed by the defendant, correct? Well, the offense, when we're looking at what is a crime of violence, I think the offense is whatever is serving as the predicate for 924C. And that was his commission of mail robbery, aiding and abetting, right? He was convicted of aiding and abetting aggravated mail robbery, correct? Yes, there was an aiding and abetting theory in the – What is his offense? Is his offense aiding and abetting mail robbery? I think that's the – yes. Sorry, I'm not trying to be pedantic here. His offense is aiding and abetting aggravated mail robbery. Then it says, as to that offense, it has to have an element, the use of force, right? Is that use of force meant to be the use by the person who committed the offense or by somebody other than the person who committed the offense? To me, that seems the key question, right? Right. And, again, my position here is that I don't – Just to be clear, nothing in Section 2 addresses that question, right? The question is, when it's referring to the use of force in describing the crime of violence, it meant a use of force by the defendant who committed the crime of violence or potentially a use of force by someone else other than the defendant who committed it. Section 2 just is not addressing that question. It's not interested in that question. Understandably, Congress had no reason to be thinking about that in enacting Section 2. Right. And I think that's why it's important not to overread Taylor because what Taylor was doing was looking at a particular offense. It was attempted Hobbs Act robbery. It was trying to determine what are the elements of this offense, what is the minimal conduct necessary to complete this offense. They usually take their dicta somewhat seriously. They may not have to, but we do. I understand that, but I just think that conflating attempt offenses, which have always been stand-alone offenses with – I'm not trying to get you to answer my point. I agree with you. A completed crime is different than a conspiracy crime. Just like a completed crime is different than a conspiracy crime. And we have a completed crime here as an element. But the offense the defendant committed was aiding and abetting. The question for me then is as to that offense, when they define the element of it as a use of force, is Congress referring to a use of force by the defendant who committed the offense or by someone else merely because they committed the offense of which an element is of the aiding and abetting offense? What is the government's answer to that question? Yes. And so the answer is Congress was talking about the statutory offense, not Section 2, which does not state an offense. Section 2 is a theory of imputed liability. But the statutory offense is the crime of violence, and that offense is aiding and abetting in this instance, right? He was convicted of aiding and abetting the 2114 offense, not the principal liability of 2114, right? 18 U.S.C. 2, right, just makes him punishable as a principal, but it doesn't make him the principal. So, Your Honor, again, I think that the offense here is a completed 2114A. And the – Just taking – the crime of violence has to have been committed by the defendant, correct? Yes. The only crime of violence, then, is aiding and abetting 2114. Well, the crime of violence there, yes. I mean, the crime of violence is 2114 on an aiding and abetting theory. In the same way that if we had proved up a conspiracy, right, and then we were imputing liability to the co-conspirators under a Pinkerton theory, right, they still get the full brunt of the punishment for all of these substantive offenses committed by the conspiracy. And that's not – that's totally true, and also not the question I'm asking. I'm trying to figure out what does use of force as an element of the offense mean when the offense is aiding and abetting 2114. You're saying that use of force can be a use of force involved in an element of aiding and abetting 2114, and therefore doesn't have to be committed by the defendant himself. And I'm saying what supports that idea? It's not obvious that Congress, in trying to single out the people who were using force, was trying to single out people who aided people who were using force. Your Honor, may I try to answer? So I think that, again, when this court held in Garcia-Ortiz that aiding and abetting a crime of violence is a crime of violence, all of these same arguments could have been made, right? I don't think Taylor advanced these one iota because Taylor was just talking about an attempt offense. It was a particular statutory offense. It said nothing about aiding and abetting or other – Taylor certainly could have been written in a way that wouldn't have raised this point. But it actually is written by saying the reason you lose is because you didn't show the defendant using force. And that's what's causing the concern because if that's what you have to show, it sounds like you're agreeing. You can't show that here. You're just saying you don't have to show that. And then my difficulty is, well, I tend to think when the Supreme Court says you've got to do something, I should do it. But it's a difficulty here. It's just dicta. So respectfully, Your Honor, I agree it's dicta, and this court is bound by contrary holdings of the Supreme Court, particularly when you're talking about departing from a prior panel precedent, as you would be here. Unless the Court has further questions, I'll rest on our briefs and respectfully request that you affirm the judgment. Thank you. Thank you, Counsel. Will Attorney Fitzgerald please reintroduce yourself on the record? You have a two-minute rebuttal. May it please the Court, Robert Fitzgerald. Three points, Your Honor. First, with respect to Garcia-Ortiz, that issue was brought before the Court through a supplemental pro se brief and did not have the benefit of robust development in the briefing. Tailored the 2022 decision, changed the landscape, and there's been a shift in Supreme Court precedent with inchoate offenses attempt, Davis with conspiracy, and now here before you with aiding and abetting. Is aiding and abetting an inchoate offense? It's my understanding that it is, yes, Your Honor. Turning to the government's recommendation that this court adopt the Third Circuit's McCants approach, I would strongly urge the Court not to. No other court has favorably cited that decision for genus and species, and no other court has adopted that. Finally, the government is correct that this is a statutory interpretation issue, but that is coupled with Taylor's demand for certainty. Do you think someone who's committed under an aiding and abetting theory is being prosecuted for the crime of violence? I mean, that's what 924C talks about. You have to be convicted of the crime of violence. Is that what an aider and abetter is being convicted of? An aider and abetter has liability under the substantive offense, but no, they're not being convicted of a crime of violence. What are they being convicted of? Because 2 doesn't say anything. 2 just says you're punishable like these other people. So what is that person, if it's not 2, because 2's just talking about punishment, what are they being convicted of? They have liability for that substantive offense, but as the judgment of conviction here shows, it's aiding and abetting a 2114 offense. And then you just would ask, did that offense involve the use of force? What do we do about the fact that, in a sense, it did, because an element of aiding and abetting does involve the use of force in this context. It's just the use of force by someone else. Which you had to share the mental state. At that time, I'm not sure that you did. Rosemond may have changed that. But I would just note that some aiders and abettors may use force in helping further, even marginally, the substantive offense, but not all aiders and abettors do. And for that reason, 924C cannot be satisfied here. I see I'm out of time, unless the court had other— I just asked the court to vacate the 924C convictions. I take it there's no court that we're aware of that's adopted this theory of aiding and abetting in terms of 924C? To my knowledge, there's not, Your Honors. And every court seems to have rejected it, including our own once upon a time. Yes, Your Honor. For example, in the Third Circuit, the Stevens opinion. But they do so only after acknowledging that the force required for aiding and abetting liability need not actually come from the abettor herself, and then goes on to say that 924C lacks any personal use of force requirement. But that seems to be conflicting with what the Taylor court had to say with respect to 924C's demand that the individual actually have used, threatened to use, or attempt to use force. Thank you. Thank you, counsel. That concludes arguments in this case.